UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KRISTIAN IGNACIO FELIZ,

    Defendant.

                                   /

No. 1:23-cr-24

Hon. Jane M. Beckering
U.S. District Judge

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant, Kristian Feliz, spent months soliciting a 12-year-old girl to send him pornographic videos of herself over the internet. He then traveled to Kalamazoo, Michigan, for three days, and snuck into the girl's house each day while her mother was at work to record himself having sex with her. After he left town, Feliz instructed the girl to sell the recordings online, and have the money sent to him.

Four aspects of Feliz's Sentencing Guidelines are in dispute. Feliz argues that three enhancements should not apply, which would reduce his offense level by nine. For the reasons explained below, all three enhancements are properly applied. The government contends that an additional four-level enhancement under § 2G2.1(b)(4)(A) should apply, because Feliz's offense "involved material that portrays . . . sadistic . . . conduct or other depictions of violence." That would increase his offense level from 42 to 43, the maximum permitted. But it would not impact the advisory sentencing range, which would remain 30 years in prison, the statutory maximum.

I.      **Factual Summary**

In October 2022, Kristian Feliz was a 23-year-old graduate student in Barcelona, Spain, studying quantum physics. In his spare time, he struck up an online relationship with a 12-year-old girl in Kalamazoo, Michigan. Feliz lavished her with praise, calling her "princess," "my love," and "my little wife." He asked her about school, and told her she was a "good kiddo."

He also repeatedly pressured her to create and send him pornographic videos of what he called her "private kiddo parts." He instructed her to record and send videos of specific acts, described in graphic detail. When she complained that he was becoming unresponsive, he said he would "give you more attention if you make me videos." He sought pornographic videos on multiple occasions over a three-month period.

Feliz sought to influence the girl. When she complained about her antidepression medication, he advised her to stop taking it and "go raw." He advised her to hide their communications from her parents, and instructed her to delete their historical messages to avoid detection by the FBI. After the girl turned 13, he wished her a happy birthday, and promised to "give [her] a baby." He told her that he loved her.

Then, in January 2023, Feliz traveled to Kalamazoo and stayed at a local motel for three days. Each day, he snuck into the girl's house after her mother left for work and had sex with her, using the girl's phone to film his acts. After the second day, the girl wrote that she loved him, and confessed she had become "even more attached." On the third day, Feliz refused to come back to her house unless she "promise[d] to do" certain sexual acts. The girl agreed.

Feliz had the girl send him the pornographic videos he had recorded. Then, after he left town, Feliz instructed the girl to sell the videos online. He told her to use public social media platforms to find customers on encrypted platforms. He admonished her to "stop sending the sextape if they not buying," and told her that recipients must either "buy you something on your wishlist or send money to my cashapp." He sent his Cash App username, and told the girl that if customers "send like $50 you can send them a few sextapes . . . . [o]therwise don't[.]"

## II. Guidelines Issues

### A. +4 Enhancement under § 2G2.1(b)(4)(A) Sadistic Conduct or Other Depictions of Violence

The government believes that an additional four-level enhancement should apply under 2G2.1(b)(4)(A), because Feliz's offense "involved material that portrays . . . sadistic . . . conduct or other depictions of violence." The Sixth Circuit has explained that sadistic conduct is "of the type likely to involve the infliction of pain." *United States v. Phillips*, 383 F. App'x 527, 532 (6th Cir. 2010) (internal quotation marks omitted) (citing *United States v. Groenendal*, 557 F.3d 419, 425 (6th Cir. 2009)).

Feliz's offense involved both "sadistic" conduct and "depictions of violence," as established by the videos he filmed of his abuse. Descriptions of four such videos will be set forth in Exhibit A to this memorandum, which the government is moving to file under Restricted Access. Feliz's counsel has had the opportunity to review the videos at the FBI's office, and the government believes the descriptions are sufficient to inform the

3

Court of what the videos show and establish the enhancement applies. If Feliz disagrees, then the government will make arrangements for the Court to view the videos.

### B. +2 Enhancement under § 2G2.1(b)(3) Engaged in Distribution of Child Pornography

Feliz challenges the two-level enhancement for having "knowingly engaged in distribution" of child pornography. § 2G2.1(b)(3). His first argument is focused on his instructions to the victim to send him the child pornography he filmed on her phone. The Guideline contains no exemption for a defendant instructing a victim to distribute child pornography to the defendant. But Feliz argues that an exemption is created within the Guideline commentary, which states that distribution does not include "solicitation of such material by a defendant." § 2G2.1(b)(3) cmt. n.1.

It is not clear that Application Note 1 is a binding guidelines interpretation, rather than a nonbinding advisory statement. *Cf. United States v. Havis*, 927 F.3d 382, 386–387 (6th Cir. 2019). But if it is binding, as Feliz contends, then the enhancement still applies because, according to Application Note 1, a person has "engaged in distribution" if he performed "any act . . . related to the transfer of [child pornography] material," including "possession with intent to distribute, production, transmission, advertisement, and transportation." § 2G2.1(b)(3) cmt. n.1.

Feliz performed "any act . . . related to the transfer" of child pornography when he instructed the victim to sell the recordings he made, and to have the money sent to his Cash App account. This is consistent with the Guidelines text, which applies to all who have "engaged in distribution," not just those who "distributed." It is also consistent with

4

cases interpreting this provision, which hold that even simply making child pornography available on a peer-to-peer network "would indeed support a finding of distribution under the guidelines." *United States v. Willinger*, 768 F. App'x 397, 399–400 (6th Cir. 2019).

### C. +2 Enhancement under § 2G2.1(b)(6) Use of an Interactive Computer Service

Feliz challenges a two-level enhancement under § 2G2.1(b)(6). That enhancement applies where, "for the purpose of producing sexually explicit material," a defendant "use[s] [ ] a computer or an interactive computer service to (i) persuade, induce, entice, [and] coerce . . . a minor to engage in sexually explicit conduct." *Id*. Here, Feliz "used a computer to induce [the victim] both to have sex with him and to send [him] sexually explicit material of herself." *United States v. Turner*, 756 F. App'x 576, 582 (6th Cir. 2018). In his plea agreement, Feliz admitted using "an internet-based messaging platform, to coerce and entice a minor . . . to create and distribute child pornography of herself in the form of digital images and videos." (R.33: Plea Agreement, PageID.68.) Feliz's messages also show that he laid the groundwork for traveling to Kalamazoo and committing his hands-on offenses.

Feliz argues that "the mere fact that a computer was used to entice a minor victim" is insufficient because, in his view, "there is no evidence" that he did so with a "purpose of producing . . . sexually explicit material." (R.44: PSR, PageID.155.) But the "evidence" of his purpose—in addition to being patently obvious from his repeated, sexually graphic demands of the victim—is inherent in his guilty plea. The first element of Feliz's crime of conviction is that he "used a minor to engage in sexually explicit conduct <u>for the purpose</u>

of producing a visual depiction of that conduct." (R.33: Plea Agreement, PageID.64) (emphasis added). Feliz pled guilty "because [he] is guilty of this charge." (*Id*.)

Feliz's plea is dispositive, as is the undisputed content of his communications with the victim. If Feliz persists with this objection, the government asks the Court to consider whether he is "act[ing] in a manner inconsistent with acceptance of responsibility" by "falsely den[ying]" and "frivolously contest[ing]" relevant conduct, such that credit for acceptance of responsibility is unwarranted. § 3E1.1 cmt. n.1.

### D. +5 Enhancement under § 4B1.5(b)(1) Pattern of Activity Involving Prohibited Sexual Conduct

Through correspondence of defense counsel, Feliz advised the government that he challenges the application of a five-level enhancement for "engag[ing] in a pattern of activity involving prohibited sexual conduct." § 4B1.5(b)(1). In Feliz's view, there was no "pattern" because his conduct "was one uninterrupted occasion."

This argument fails on the facts. Over months, "[f]rom October 22, 2022 through January 5, 2023, [Feliz] used Discord . . . to coerce and entice a minor . . . to create and distribute child pornography." (R.33: Plea Agreement, PageID.68.) Feliz also traveled to Kalamazoo "[f]rom January 3–5, 2023," and recorded "videos of himself having sex" with the victim. (*Id*.) To describe months of online coercion and three days of sexual abuse as "one uninterrupted occasion" is to strain the meaning of those words beyond recognition. *See also United States v. Bowling*, 427 F. App'x 461, 465 (6th Cir. 2011) (affirming application of § 4B1.5(b) based on child pornography produced of a single child on multiple dates). The Court should decline Feliz's invitation to do so.

6

|  |  |
|---|---|
|  | MARK A. TOTTEN, <br> United States Attorney |
| Dated: May 15, 2024 | */s/ Patrick J. Castle* <br> PATRICK J. CASTLE <br> Assistant United States Attorney <br> P.O. Box 208 <br> Grand Rapids, MI  49501-0208 <br> (616) 456-2404 |